NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of the Estate of:

NORMA JEAN MCCONNELL, *Deceased*.

PHILLIP LEE CARSON, *Petitioner/Appellant*,

*v.*

MARICOPA COUNTY PUBLIC FIDUCIARY, *Respondent/Appellee*.

No. 1 CA-CV 17-0554
FILED 7-3-2018

Appeal from the Superior Court in Maricopa County
No. PB2016-091389
The Honorable Terri L. Clark, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Philip Lee Carson, Florence
*Petitioner/Appellant*

Maricopa County Attorney's Office
By Anne C. Longo, Nikolaus G. Decker
*Co-Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

---

**B E E N E**, Judge:

¶1            Phillip Carson ("Carson") appeals the superior court's ruling denying several requests he made to the court regarding probate of his mother's estate.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2            In March 2016, Carson's mother passed away.  In April 2016, Carson filed a document titled "Report of Representative Petition to administer the Estate, Property, and Finances, Per ARS §14-3701 to 3721." He next filed a document titled "[AMENDMENT]" in May 2016.  He then filed a document in January 2017 titled "Request for Default: And 'Formal Appointment of Representative' With Injunctive Relief. (R. Civ. Proc. Rule 55 & 60)."   In these documents, Carson submits that he is the authorized personal representative of his mother's estate based on his mother's will and letters, and he requests the court to formally recognize this authority. He also notes that he wants to be authorized to act as personal representative so that he can pay his mother's funeral and burial expenses.

¶3            In February 2017, the superior court addressed Carson's documents in a minute entry indicating that "several issues . . . preclude[d] the Court from proceeding" in addressing Carson's requests.  These issues included that Carson (1) had not "filed the original purported 'Last Will and Testament;'" (2) had not been appointed as personal representative; and (3) was incarcerated, making it unlikely that he could serve as personal representative.   The court then ordered the Maricopa County Public Fiduciary ("MCPF") "to investigate and determine if there is a need to open a probate estate in this case" and then "file a written report" of the investigation.

¶4            The MCPF subsequently filed a report to the court that indicated the following: (1) Carson's mother did not own real property in Maricopa County as of the date of her death; (2) the Arizona Department of Revenue held her abandoned assets with a value under $75,000; (3) no other

assets were located; and (4) the only identified assets could be collected by affidavit of collection pursuant to Arizona Revised Statutes ("A.R.S.") section 14-3971. The MCPF concluded that probate did not need to be opened for Carson's mother's estate, and there was no cause for a personal representative to be appointed.

**¶5** In July 2017, after considering the MCPF's report, and based on its findings in its February 2017 minute entry, the superior court accepted the MCPF's findings and recommendations and denied each of Carson's requests. Carson timely appealed.[1] We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), and -2101(A)(9).

## DISCUSSION

**¶6** While the superior court's legal conclusions are reviewed *de novo*, the court's factual findings must be accepted on appeal unless they are clearly erroneous. *In re Estate of Newman*, 219 Ariz. 260, 265, ¶ 13 (App. 2008). "Factual findings are not clearly erroneous if substantial evidence supports them[.]" *Davis v. Zlatos*, 211 Ariz. 519, 524, ¶ 18 (App. 2005) (internal quotations omitted).

**¶7** We understand Carson's argument to be that the superior court erred by denying his request to be appointed as personal representative of his mother's estate. Carson states his mother left letters and a will that designates him as the person to handle her estate, and therefore, he asks to be appointed as personal representative of her estate. Carson argues he "did not receive due process in [the] trial court's proceedings" and was prejudiced when the court used his "criminal history . . . as the reason for denying Personal Representative status." He further argues (1) the "court had no just cause to deny" his mother's will, (2) he only wants to be appointed as personal representative so that his mother's funeral home does not move her body without his approval, and (3) he should not be denied appointment as personal representative "just because he is in prison."

**¶8** Here, the court did not err in denying Carson's request to be appointed as personal representative of his mother's estate. Although Carson argues that his mother's letters and will would entitle him to be

---

[1] We note that Carson named the Maricopa County Public Fiduciary ("MCPF") as a party on appeal. However, the MCPF is an improper party in this case. We therefore dismiss the MCPF from this appeal.

appointed personal representative, her original will had not been filed with the probate court. Consequently, Carson has not been appointed as personal representative of his mother's estate pursuant to any valid testamentary document.

¶9 Even if Carson's mother did have a will that was validly admitted into probate which named him as personal representative, substantial evidence supports the court's determination that Carson could not effectively serve in that capacity. Namely, Carson's incarceration would prevent him from performing the duties of a personal representative to a fiduciary standard. *See, e.g.*, *In re Estate of Goldman*, 215 Ariz. 169, 173, ¶ 19 (App. 2007) ("A [personal representative] owes a fiduciary duty to all beneficiaries to keep them reasonably informed of the estate and its administration and to deal with estate assets in a manner in which a prudent person would deal with the property of another."); A.R.S. § 14-3703(A) (personal representative held to fiduciary standard); A.R.S. § 14-3706(A) (personal representative must prepare detailed inventory of decedent's property at time of death that includes property's fair market value, nature as either community or separate property, encumbrances, etc.); A.R.S. § 14-3709(A) (personal representative must take possession of, pay taxes on, manage, protect, and preserve decedent's property); A.R.S. § 14-3710 (personal representative may need to avoid transfers and set aside fraudulent conveyances); A.R.S. § 14-3715 (personal representative may need to transact on behalf of decedent's estate); A.R.S. § 14-3801 *et seq.* (personal representative responsible for accounting to creditors).

¶10 The superior court's determination that Carson would not be able to serve as the personal representative of his mother's estate is a factual determination that is supported by substantial evidence. *In re Estate of Newman*, 219 Ariz. at 265, ¶ 13. Because substantial evidence supports the court's findings, we find that the court did not err.

## CONCLUSION

¶11 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA